# Gray, Appellant, *v.* Howell.

*Vendor and vendee—Parol contract—Measure of damages—Statute of frauds.*

An action may be maintained for the breach of parol contract for the sale of land, but damages in such an action are limited to the recovery of the purchase money paid or the value of the consideration given, and the expenses incurred, and do not include the loss of the bargain.

*Attorney at law—Scope of authority—Sale of land.*

An implied authority of an attorney at law in this state is very broad as to those things which arise in the regular course of litigation and pertain to the conduct of an action, but he is without authority to compromise an action or to accept land instead of money in satisfaction of a judgment. His authority cannot by implication be extended to authorize the sale of his client's land in payment for services to be rendered.

Argued Jan. 13, 1903.   Appeal, No. 249, Jan. T., 1902, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1898, No. 621, refusing to take off nonsuit in case of Mabel Ella Gray *v.* Lillian B. Howell.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Assumpsit to recover damages for breach of an agreement. Before FINLETTER, P. J.

The statement of claim set out an agreement between the plaintiff and defendant by which the latter agreed in parol to execute a release of dower in a property owned by the plaintiff if the plaintiff would assist the defendant in obtaining testimony adverse to certain claims made against the estate of the defendant's late husband.

Plaintiff's counsel made the following offer:

I offer to prove by Mr. Kern, to be followed up by other proof, that Mr. Bernard Gilpin was counsel for the defendant; that Mr. Gilpin agreed with the witness, Mr. Kern, in pursuance

of a written undertaking on the part of Mr. Kern on behalf of his daughter, Mrs. Gray, the plaintiff, that Mrs. Howell (she then was), the widow of William H. Kern, would execute that release of dower in the property, 210 North 36th street, if Mr. Kern would undertake to aid in procuring the testimony relating to various suits brought against William H. Kern, or his estate, on claims connected with the William H. Baeder Glue Company or himself; that subsequently to the offer, Mr. Bernard Gilpin having accepted the undertaking on the part of Mr. Kern, prepared, in pursuance of the contract, a release of dower; that Mr. Kern carried out his agreement on behalf of Mrs. Gray by obtaining the testimony which was sought for; and that subsequently Mrs. Howell, formerly Mrs. Kern, the widow, declined to execute the release. That is my offer.

Offer overruled. Exception. [1]

The court entered a judgment of nonsuit and subsequently refused to take off the same. [2]

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) refusal to take off nonsuit.

*N. Dubois Miller*, for appellant.—The contract was made with relation to a matter in litigation. The counsel of the defendant was naturally and properly the agent of. the defendant for the purpose of prosecuting that litigation, and any contract made by him in the line of his duty as such counsel was one which, if the defendant chose to accept the advantages of it, was unquestionably binding upon her. An action will lie in favor of a grantee for a breach of a parol contract for the sale of land: Allison v. Montgomery, 107 Pa. 455; Thompson v. Shepler, 72 Pa. 160.

*William H. Staake*, for appellee.—A power to sell lands cannot be established by parol: Lewis v. Bradford, 10 Watts, 67; Nicholson v. Mifflin, 2 Dall. 246; McDowell v. Simpson, 3 Watts, 129; Magaw v. Cannon, 3 Watts, 139.

While the authority of an attorney in Pennsylvania is more extensive than in other countries, Lynch v. Commonwealth, 16 S. & R. 368, the limitations imposed on him relate generally to compromises, which substitute one thing for another, as real estate for money: Wilson v. Young, 9 Pa. 101.

An attorney may not bind his client by an agreement by which land is taken instead of money: Huston v. Mitchell, 14 S. & R. 307; Dodds v. Dodds, 9 Pa. 315.

OPINION BY MR. JUSTICE FELL, March 23, 1903:

The nonsuit entered at the trial cannot be sustained on the ground that the contract for the release of the defendant's dower in her husband's estate was not in writing. An action may be maintained for the breach of a parol contract for the sale of land, but damages in such an action are limited to the recovery of the purchase money paid or the value of the consideration given, and the expenses incurred, and do not include the loss of the bargain: Dumars v. Miller, 34 Pa. 319.

The plaintiff's case was however fatally defective for want of proof of the authority of the alleged agent of the defendant to make the contract. Of this there was no evidence nor offer of evidence. The offer was to show that the attorney of the defendant verbally agreed to sell her dower interest in consideration of services to be rendered by the plaintiff in procuring testimony to enable her to defend an action against her husband's estate, and his power to bind her rested wholly on his presumed authority as an attorney at law. Such an agreement, if made, was not within the scope of the authority of an attorney. The implied authority of an attorney at law in this state is very broad as to those things which arise in the regular course of litigation and pertain to the conduct of an action, but he is without authority to compromise an action or to accept land instead of money in satisfaction of a judgment: Huston v. Mitchell 14 S. & R. 307; Dodds v. Dodds, 9 Pa. 315; Kissick v. Hunter, 184 Pa. 174. His authority cannot by implication be extended to authorize the sale of his client's land in payment for services to be rendered.

The judgment is affirmed.