## McLaughlin et ux. *v.* Monaghan, Appellant.

*Negligence—Release of damages—Joint tort-feasors—Release by attorney—Knowledge—Ratification.*

1. An attorney-at-law as such cannot release a client's cause of action, or surrender his substantial rights in whole or in part, or settle or compromise his client's litigation, without special authority so to do.

2. A power of attorney giving to a lawyer in a damage case an authority to settle or compromise the case with the approval of his client, does not authorize him to release the defendant without his client's knowledge.

3. It cannot be claimed that the client ratified the release where he had no knowledge that it had been given.

*Appeals—Question not raised in court below.*

4. A question not raised in the court below, will not be considered on appeal.

Argued April 20, 1927. ˙ Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ.

Appeals, Nos. 209 and 210, Jan. T., 1927, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1925, No. 12045, on verdict for plaintiffs, in case of John J. McLaughlin et ux. v. Thomas V. Monaghan. Affirmed.

Trespass for injuries to plaintiff's wife. Before LEWIS, J.

The opinion of the Supreme Court states the facts.

Verdict for Agnes McLaughlin for $7,000 and for John J. McLaughlin for $2,000, on which judgment was entered for $5,000 and $1,000, respectively. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Ardemus Stewart,* for appellant.—Even where there is no direct proof that one of the parties to a collision or other accident resulting from joint agency, was negligent, the inference, if the cause of action was the same, will be, unless rebutted, that both parties were joint tort-feasors; and, as the release of one joint tort-feasor releases the others, the release of one of those parties by the person injured, will release both: Seither v. P. R. T. Co., 125 Pa. 397; Williams v. Le Bar, 141 Pa. 149; Peterson v. Wiggins, 230 Pa. 631; Smith v. Roydhouse,

Arey & Co., 244 Pa. 474; Conway v. Traction Co., 253 Pa. 211.

The agreement that Mr. Meagher should have as his compensation one-half of the net amount received, and the assignment of one-half of plaintiffs' claim as security therefor, contained in the power of attorney given him by plaintiffs, operated as an equitable assignment, and is binding on plaintiffs: Patten v. Wilson, 34 Pa. 299.

*Thomas James Meagher,* for appellee.—An attorney in Pennsylvania has no authority to compromise a suit or claim without the authority or sanction of the client. Among the many Pennsylvania cases so holding are: Stokely v. Robinson, 34 Pa. 315; Filby v. Miller, 25 Pa. 264; Housenick v. Miller, 93 Pa. 514; Mackey's Heirs v. Adair, 99 Pa. 143; Township of North Whitehall v. Keller, 100 Pa. 105; Luzerne Association v. Bank, 142 Pa. 121; Berberich's Est., 257 Pa. 181.

The doctrine of one satisfaction for a wrong, whether done by one or many, has always been recognized in Pennsylvania: Peterson v. Wiggins, 230 Pa. 631; Allen v. Liggett, 81 Pa. 486; Conway v. Pottsville, etc., Co., 253 Pa. 211; Heydon's Case, 11 Coke 5; Ridgeway v. Electric Co., 258 Pa. 400.

Opinion by Mr. Justice Walling, May 9, 1927:

On the morning of February 11, 1925, the wife plaintiff, while a passenger on an east-bound trolley car of the Philadelphia Rapid Transit Company, in Allegheny Avenue, Philadelphia, was injured by a collision of the car with defendant's autotruck, at the intersection of Eleventh Street. The trial of this suit, brought on account of damages thereby sustained, resulted in verdicts and judgments for plaintiffs and defendant has appealed.

The evidence justified the finding of negligence on behalf of the truck driver and the case presented no question of contributory negligence. The only matter

brought to our attention by the statement of questions involved is as to the effect of a so-called release given by plaintiffs' attorney to the Philadelphia Rapid Transit Company, an alleged joint tort-feasor. This action was brought in April, 1925, and, in the following August, plaintiffs' attorney sent a letter to Mr. Caskie, of the Traction Company, as follows:

                                "August 19, 1925.

"McLaughlin-Monaghan,

"Dear Mr. Caskie: I represent Mrs. Agnes McLaughlin, who was injured on February 11, 1925, at 11th Street and Allegheny Avenue, Philadelphia. I have satisfied myself that your company was not to blame and I would like to have your coöperation and your data. On my part, I hereby enter into my usual agreement with you that I undertake to hold your company harmless in the premises on having your coöperation and your data.

"Faithfully,    [signed] Thomas James Meagher."

To which he received the following reply:

                                "August 27, 1925.

"McLaughlin-Monaghan,

Thomas J. Meagher, Esq.,

131 S. 18th Street.

"Dear Sir: We have for acknowledgment your communication of the 19th inst. writing re the above captioned matter in which you agree to hold us safe in the premises, requesting certain data. Replying thereto, we beg to say owner of motor truck involved, license number Z1828 Penna. owned by Thomas B. Monaghan of Water and Clarkson Streets. Witnesses: [Giving names and residences of five]. Trusting this meets with the desired information,

             "Very truly yours,

       "[signed] J. J. K. Caskie (B) Supervisor,

                "Accident Investigation."

Defendant contends that the effect of the above quoted correspondence was to release his joint tort-feasor and thereby free him from liability for the accident. That

a valid release of one joint tort-feasor operates as a release of all is undoubted (Conway v. Pottsville U. T. Co., 253 Pa. 211; Peterson v. Wiggins, 230 Pa. 631; Seither v. Phila. Traction Co., 125 Pa. 397; 26 R. C. L. p. 766, section 14; and see Berberich's Est., 257 Pa. 181) and whether defendant and the Traction Company were jointly negligent was a question of fact.

The vice of the contention is that the above correspondence did not release the Traction Company. An attorney as such cannot release a client's cause of action (2 R. C. L. p. 999), or surrender his substantial rights in whole or in part (Ibid. 995; 6 C. J. 647), or compromise or settle his client's litigation, without special authority so to do (Mackey v. Adair et al., 99 Pa. 143; Stokely v. Robinson, 34 Pa. 315; Township of North Whitehall v. Keller, 100 Pa. 105; Luzerne Ass'n. v. Savings Bank, 142 Pa. 121), of which this record presents no evidence. In fact the power of attorney plaintiffs gave Mr. Meagher only permits him to settle or compromise with their approval. Furthermore, the attorney's letter to Caskie purports to be on his own part and is a personal undertaking. As there was no proof of authority, or of ratification, the request for binding instructions for defendant was necessarily refused, as was his first point which omitted these elements of the case. So far as appears in this record, plaintiffs might have brought suit at any time against the Philadelphia Rapid Transit Co. See Housenick v. Miller, 93 Pa. 514. Of course, the clients might ratify the attorney's agreement, but the undisputed evidence in the instant case is that they never did and knew nought of it until brought out at the trial. Ratification must be based on knowledge. See Whitesell & Sons, to use, v. Peck et al., 165 Pa. 571.

The power of attorney contains an assignment of one-half of the claim to Mr. Meagher as security for his compensation, and appellant urges that the correspondence would at least prevent a recovery of that part of the

claim. As to this it is sufficient to say no such question was raised in the lower court, either at the trial or on the motion for a new trial, hence it cannot be considered here. This rule is so familiar and announced in so many recent cases as to make references thereto unnecessary. It would be unfair to convict a trial court of error on a proposition not brought to its attention. The question of granting a new trial is for the lower court's discretion and, while its refusal here is assigned as error, it is not pressed or embraced in the statement of questions involved.

The judgments are affirmed.