568

**Lodowski, Appellant, v. O'Malley.**

Argued April 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Louis Vaira*, with him *Edward O. Spotts, Charles S. Morrow*, and *Spotts, Gill and Morrow*, for appellant.

*Thomas W. Smith*, with him *Theodore O. Struk*, and *Dickie, McCamey & Chilcote*, for appellees.

Opinion by Watkins, J., June 14, 1973:

This is an appeal by Robert N. Lodowski, the plaintiff-appellant, from an order of the Court of Common Pleas of Allegheny County directing enforcement of a settlement of a trespass action.

The facts that bring this matter to our attention are as follows: On September 22, 1969, the plaintiff was involved in an automobile accident in which his vehicle was struck from behind by a school bus operated by the defendant, Evelyn O'Malley. The plaintiff thereafter received payment from the defendant insurance carrier under an advance payment program without prejudice to his right to file a suit.

Edward Spotts, Esquire, had been retained as counsel by the plaintiff and on June 7, 1971, a Power of Attorney was executed by the plaintiff in favor of Spotts. The Power of Attorney strictly provided that no settlement was to be made without the client's authorization. Suit was instituted and in the normal course of procedure a pretrial conference was scheduled before Judge Doyle of the Allegheny County Court.

A Mr. Gill, an attorney in the same firm with Mr. Spotts, represented the plaintiff at the said conference. During the proceedings a settlement sum of $1400 plus the amount already advanced was discussed. Defendant's attorney contacted Mr. Gill the next day stating to him that the proposed settlement provisions had been approved by the defendant, his client. Mr. Gill then notified Judge Doyle's secretary of the discussion with counsel for the defendant and indicated to her that the case could probably be settled for the $1400 figure.

At this time, Mr. Gill was unaware of a doctor's report that indicated that the plaintiff would have to

have a spinal fusion. Mr. Gill was relying on another doctor's report which showed only a cervical sprain.

Upon obtaining this report, Mr. Gill immediately notified the defendant's attorney that the case could not be settled for $1400. The defendant's attorney took the position that the case had been settled and that the settlement was binding on the plaintiff. On October 12, 1972, a hearing was held on the matter of the enforceability of the settlement, before Judge John Mc-Lean. Judge McLean filed his opinion and order directing that the settlement be enforced. This appeal followed.

The plaintiff takes the position that Attorney Gill had no authority to bind the plaintiff to the settlement. The court below did find as fact that the plaintiff had not authorized a settlement of the matter. However, the court held that under Rule 212 I-XIII, Local Pre-Trial Procedure III, of the Allegheny County Courts, that Mr. Gill as counsel had full authority to bind the client to the settlement.

The Rule in question provides as follows: "Counsel attending the Pre-trial Conciliation Conference must have complete authority to stipulate on items of evidence and admissions, and must have full settlement authority." The Allegheny County Common Pleas Court Manual, pg. 39 (1970). The Rule was promulgated pursuant to Rule 212(f) of the Pennsylvania Rules of Civil Procedure which granted local courts the power to enact their own rules of court. The issue, therefore, is whether the particular rule conflicts with established principles of law.

The general rule of law is that the ordinary employment of an attorney to represent a client with respect to litigation does not of itself give the attorney the implied or apparent authority to bind the client with settlement or compromise, and that in the absence of ex-

press authority he cannot do so. 7 C.J.S. Attorney and Client, Section 105; *Starling v. West Erie Avenue B. & L. Association,* 333 Pa. 124, 3 A. 2d 387 (1939); *Quest's Estate,* 324 Pa. 230, 188 Atl. 137 (1936); *McLaughlin v. Monaghan,* 290 Pa. 74, 138 Atl. 79 (1927).

In *Yarnall v. Yorkshire Worsted Mills,* 370 Pa. 93, 87 A. 2d 192 (1952), the court stated: "True an attorney has no power, in the absence of express authority, to compromise or settle his client's claim." While it is certainly true that the addition of certain facts may invest the attorney with authority to settle, we do not find those facts here, where the Power of Attorney restricted counsel from making settlement without the consent of the client and where the court below found that the plaintiff had not authorized the settlement.

In the absence of any authority given by the client, Mr. Gill had no authority to make settlement of his client's claim. Although this court can appreciate the Allegheny County Court's attempts to provide an orderly administration of justice, we must agree with the language of the Supreme Court in *Budget Laundry Company v. Munter,* 450 Pa. 13, 22, 298 A. 2d 55 (1972) : ". . . it must always be borne in mind that lawsuits are more than numbers or punches in computer cards. Individual cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the condition of the courts." The Court went on to say at page 23-24: "We are, of course, loath to interfere in the workings of the calendar control court. Nevertheless, we must caution that speedy disposition is not the sole element to be considered in dispensing justice, and that where special circumstances exist, special consideration must be given lest we allow statistical surveys and

analysis to become the be-all and end-all of our system of justice."

In a Concurring Opinion by Mr. Justice ROBERTS, at page 24, he stated: "In joining the opinion of the Court I desire to express my strong disagreement with any rule of court which subordinates the quality of justice to the hazards of arbitrary insistence upon an 'assembly-line' disposition of cases. Such inflexibility neither serves the interests of justice nor advances the proper objectives of effective court administration."

The plaintiff in the instant case is much more seriously prejudiced by the local rule as interpreted by the court below than was the litigant in the *Budget Laundry* case, supra, where the rule of calendar control was enforced. Local Rule 212, required that "Counsel attending the pre-trial conciliation conference must have *complete authority* to stipulate on items of evidence and admissions, and must have *full settlement authority.*" (Emphasis—The Opinion Writer)

It is interesting to note that one of the local rules of court superseded by the present rules, to wit: Rule 17-I, provided that counsel for plaintiffs must have their client's present.

We cannot comprehend how even with strict adherence to the rules involved, which require that counsel have full authority, the court below could come to the conclusion that counsel had apparent authority to make the settlement. Certainly apparent authority was not contemplated by a rule requiring *full authority.* This is especially true in the face of the court's finding that in fact counsel did not have authority to settle the case. The court's determination must have been based on its interpretation of the rule to be that the very presence of counsel at the pretrial conference clothed him with full authority to settle under the terms of the rule.

We believe that a proper interpretation of the present rules would require a reversal of the order in this case. However, if there is any doubt the rules should be amended so that it is crystal clear that in settlement or conciliation conferences counsel have the authority to settle for the client either in writing; by his client's presence; or by any other method that brings to the court the knowledge of the client's direct consent to the settlement.

There are so many possibilities of a lawyer being unjustly criticized by an unfair client on a settlement matter and there are also cases where an unscrupulous lawyer may take advantage of his client for his own selfish reasons. These are facts of life. It might be pointed out that an amendment such as suggested would, therefore, benefit not only the client but also counsel and the court in the administration of justice in that it would eliminate the probability of complaints of litigants which bring discredit, many times unfairly, to the Bench and Bar.

Order of the court below is reversed.