L & A Creative Art Studio, Inc., Appellant *v.* Redevelopment Authority of The City of Philadelphia, Appellee.

L & A Creative Art Studio, Inc., Appellant *v.* Redevelopment Authority, Appellee.

Argued April 6, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Lewis Kates,* with him *Joseph R. Livesey,* and *Kates & Livesey,* for appellant.

*Francis J. Moran,* with him *Peter A. Galante,* for appellee.

OPINION BY JUDGE WILKINSON, JR., May 11, 1978:

This is an appeal from an order of the Philadelphia County Court of Common Pleas which held that appellant had not sustained its burden of proving that one of appellee's attorneys had the authority to bind appellee to the terms of a stipulation form by signing the form. We affirm.

Appellant occupied premises which were to be condemned by appellee as part of an urban renewal plan. On August 5, 1971, after negotiations had been conducted between appellant and appellee's Real Estate Department, a stipulation form was drawn up which specified August 2, 1968, as the date of taking and authorized the Board of Viewers of Philadelphia (Board) to enter an award of $115,000.00, which included compensation for delay in payment for all elements of damage under Sections 608, 609 and 611 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-608, 1-609 and 1-611. The form was signed by appellant's counsel and by an attorney from appellee's Legal Division.

Sometime thereafter, one of the members of the Board felt that, because this was a tenant's claim, there might be some duplication with owner's claims regarding various items of machinery or equipment. The member then discovered that the property had never been taken in eminent domain proceedings. He therefore wrote "void" across the form and lined out the signatures of the other members of the Board, because he felt that the matter was not properly before the Board.

In October 1971, appellant filed a petition alleging that a condemnation had occurred on August 2, 1968, the stipulation was binding and therefore appellant was entitled to the $115,000.00. The common pleas court upheld the petition without conducting an evidentiary hearing. On appeal, we ordered a remand[1] for the purpose of determining whether the attorney who signed the form had authority to do so (an allegation that had not been made in appellant's petition) and, thus, whether a valid settlement agreement existed.

At the hearing, appellee's attorney who signed the form was called as a witness for appellant. He testified that he had signed numerous other stipulation forms after negotiations had been conducted by the Real Estate Department. Such signing, he said, was merely a clerical function, performed routinely by attorneys in the Legal Division as an intermediate step in appellee's administrative process by which payment is ultimately approved or denied. He stated that he had no authority to enter into or finalize any settlement. Appellant called another attorney employed in the Legal Division at the time, who was equivocal as to whether he thought such a signature would bind ap-

[1] *Philadelphia Redevelopment Authority v. L & A Creative Art Studio, Inc.*, 6 Pa. Commonwealth Ct. 326, 294 A.2d 606 (1972).

pellee. Appellee called several individuals who had been directors or employees within the Real Estate Department and Legal Division. Their testimony as to appellee's administrative procedures regarding forms of this kind and the function of a Legal Division attorney who signs such a form agreed with that offered by the attorney who had signed the form in question. The decision of the common pleas court and this appeal followed.

Appellant concedes that the attorney who signed the form had no authority to negotiate a settlement in this matter. It claims, however, that once appellee's Real Estate Department negotiated such settlement, appellee was bound when the attorney signed the form on which the settlement was set forth. We disagree. The record shows clearly that both the negotiations and the signature were merely steps in appellee's administrative process and that further examination and approval was required at several higher levels.

Appellant argues further that the signature of the attorney on the form bound appellee under a theory of apparent authority. Again, we disagree. Generally, "the ordinary employment of an attorney to represent a client with respect to litigation does not of itself give the attorney the implied or apparent authority to bind the client with settlement or compromise . . . in the absence of express authority, he cannot do so." *School District of Philadelphia v. Framlau Corp.*, 15 Pa. Commonwealth Ct. 621, 628-29, 328 A.2d 866, 870 (1974).

Accordingly, we will enter the following

ORDER

Now, May 11, 1978, the order of the Philadelphia County Court of Common Pleas at No. 2535 July Term, 1968, dated November 24, 1976, is hereby affirmed.