## Whitehall Township v. Rothrock

*Harry A. Kitey*, for plaintiff.
*I. Robert Shapiro*, and *Shapiro-Feldman*, for defendants.

BACKENSTOE, *J.*, April 2, 1979—This case was before the court on plaintiff's motion to modify and/or open the consent decree (agreed order) entered by the court in this matter on December 12, 1978. The underlying litigation which gave rise to the agreed order was a zoning dispute between the parties concerning the use of premises owned by defendant Rothrock at 352 Fifth Street, Whitehall. The litigation was commenced on November 9, 1978, by the filing of a complaint in equity wherein plaintiff sought an injunction restraining defendants from maintaining an automobile reconditioning and steam cleaning business on the premises. On November 29, 1978, the court, on defendant Rothrock's petition, issued a preliminary injunction restraining the Township of Whitehall from initiating or enforcing any further civil or criminal sanctions against defendants pertaining to the use of the subject premises until a hearing could be held on defendants' application for a preliminary injunction. During the course of the hearing on the continuation of the preliminary injunction, a compromise settlement of the underlying litigation was

agreed to by defendants, Edward T. Galgon, the Whitehall Township Executive, and counsel for all parties. The compromise settlement was embodied in the agreed order entered by this court on December 12, 1978. However, at a meeting held on December 18, 1978, the Board of Commissioners of the Township of Whitehall indicated their unanimous disapproval of the compromise settlement. Following that disapproval, the motion to modify and/or open the consent decree, now before the court for disposition, was filed. Because we conclude that counsel for the township and the township executive were without authority to bind the township to the compromise settlement, we are compelled to grant plaintiff's motion to open the consent decree.

Absent express authority an attorney cannot settle litigation. The ordinary employment of an attorney does not give the attorney implied or apparent authority to bind the client and in the absence of express authority he cannot do so: Archbishop v. Karlak, 450 Pa. 535, 299 A. 2d 294 (1973); L & A Creative Art Studio, Inc. v. Redevelopment Authority of the City of Philadelphia, 35 Pa. Commonwealth Ct. 271, 385 A. 2d 1045 (1978); School District of Philadelphia v. Framlau Corp., 15 Pa. Commonwealth Ct. 621, 328 A. 2d 866 (1974). There was no suggestion in the briefs or at argument that counsel for the township had express authority to bind the township to the compromise settlement, and counsel for the township in fact expressly stated that he had no express authority. Accordingly, we were compelled to the conclusion that counsel for the township's consent to the settlement did not bind the township.

However, defendants argue that the township

executive, who was present during all court proceedings on behalf of the township and who approved the agreed order, had authority to bind the township. A compromise settlement of litigation is in the nature of a contract between the parties, comprised of all the traditional elements of a contract: School District v. Framlau, supra; Com. v. Bar 4, Inc., 67 D. & C. 2d 420 (1974). Further, it is a well-settled principle that a person who contracts with a governmental agency must, at his peril, know the extent of the power of its officers to make the contract: Titan Environmental Construction Systems, Inc. v. School District of Philadelphia, 421 F. Supp. 1289 (E.D. Pa. 1976), aff'd 564 F. 2d 90 (3d Cir. 1977); Charleroi Lumber Co. v. Bentleyville Borough School District, 334 Pa. 424, 6 A. 2d 88 (1939). Thus, the township executive's approval of the compromise settlement embodied in the agreed order is of no benefit to defendants unless it can be demonstrated that the executive had the power to bind the township to the compromise settlement.

Although the home rule charter of the Township of Whitehall sections 5.01 and 5.08, vests the general executive power of the township in the township executive, we conclude that in the limited area of zoning litigation the control of the litigation, and thus the authority to settle the litigation, rests with the board of commissioners. Municipalities Planning Code of July 31, 1968, P.L. 805, sec. 617, 53 P.S. §10617, provides as follows:

"In case any building, structure, or land is, or is proposed to be, . . . used in violation of any ordinance enacted under this act or prior enabling laws, *the governing body or, with the approval of*

*the governing body, an officer of the municipality, . . .* may institute in the name of the municipality any appropriate action or proceeding to prevent, restrain, correct or abate such . . . use constituting a violation." (Emphasis supplied.)

Section 3.01 of the Whitehall Township Home Rule Charter states that the board of commissioners is the governing body of Whitehall Township.* Although the township executive signed the pleadings and was present in court during the proceedings, section 617 of the MPC, together with section 3.01 of the charter, compels the conclusion that the board of commissioners rather than the executive controls zoning litigation instituted on behalf of the township, because it is only the board, or another officer acting with the approval of the board, that can institute and prosecute the litigation. Since it follows that only the board of commissioners can bind the township to a compromise settlement of zoning litigation, and since no one has suggested that the board has delegated that authority to the township executive, the conclusion follows that the executive's approval of the agreed order did not bind the township.

Plaintiff's motion requested that the court modify the agreed order to delete paragraph two thereof, or in the alternative to vacate the decree in its entirety. Since it would be inequitable to delete only

---

*Section 107(10) of the MPC, 53 P.S. §10107(10) defines "governing body" to be the board of commissioners in townships of the first class. Although Whitehall Township, as a home rule municipality, is not governed solely by the general municipal laws relating to first class townships, the home rule charter itself states that the board of commissioners is the governing body.

paragraph two while holding defendants to the other paragraphs, including the payment of fines imposed for one day's violation, we will vacate the decree in its entirety and order the restitution to defendants of fines and costs paid by them pursuant to the agreed order.

## ORDER

Now, April 2, 1979, for the reasons set forth in the accompanying opinion, it is ordered that the agreed order heretofore entered in this matter on December 12, 1978, is vacated. It is further ordered that all fines and costs paid by defendants pursuant to the agreed order shall be restored to them. The matter may be relisted for hearing upon praecipe of either party.