**Shelhammer v. Erie Insurance Co.**

*Morton B. DeBroff,* for plaintiff.
*Gregory L. Fitzpatrick,* for defendant.

WETTICK, *J.,* August 31, 1995—The subject of this opinion and order of court is Erie Insurance Company's petition to enforce settlement.[1]

The facts are not in dispute. Paul Shelhammer was injured in an automobile accident. Through his prior counsel, he settled with the tort-feasor for the policy limits. Through his prior counsel, he raised an under-insurance claim against Erie (his own insurance company). Prior counsel for Mr. Shelhammer and counsel for Erie engaged in settlement negotiations. Through a telephone call in early June 1992, prior counsel for

---

1. An agreement to settle a lawsuit is binding on the parties, whether or not made in the presence of the court and even in the absence of a writing. *Compu Forms Control Inc. v. Altus Group Inc.,* 393 Pa. Super. 294, 574 A.2d 618 (1990); *Kazanjian v. New England Petroleum Corporation,* 332 Pa. Super. 1, 480 A.2d 1153 (1984).

Mr. Shelhammer advised counsel for Erie that Mr. Shelhammer would accept Erie's settlement offer of $21,500.

Through a June 12, 1992 letter from Erie's counsel, a copy of which was mailed to Mr. Shelhammer's prior counsel, Erie's counsel advised the three arbitrators who were scheduled to hear the underinsured motorists action that it was settled and that there would be no need for the arbitration hearing that had been scheduled for June 16, 1992.

On June 10, 1992, counsel for Erie sent prior counsel for Mr. Shelhammer a letter containing an original and two copies of the release. The letter stated that upon receipt of the original and one copy of the release, counsel would forward the settlement funds. On February 1, 1993, counsel for Erie sent another letter to prior counsel for Mr. Shelhammer stating that a review of his file indicates that he has no record of ever receiving the releases. On November 11, 1993, counsel for Erie sent a third letter to prior counsel for Mr. Shelhammer requesting that the releases be executed.[2]

In June 1994, counsel for Erie received a telephone call from another attorney who stated that Mr. Shelhammer had discharged his prior counsel in August 1992 and that the settlement which the prior attorney had negotiated on behalf of Mr. Shelhammer was unacceptable to Mr. Shelhammer. Erie then filed this petition to enforce settlement.

Until the June 1994 conversation, no one had advised counsel for Erie or any other representative of Erie that Mr. Shelhammer was unwilling to proceed with the settlement. Erie reasonably believed that prior counsel for Mr. Shelhammer had been expressly authorized

2. Erie has never paid the settlement funds because its counsel has never received a release executed by plaintiff.

by Mr. Shelhammer to settle the case for $21,500 on Mr. Shelhammer's behalf.

On October 17, 1994, the deposition of Mr. Shelhammer's prior counsel was taken pursuant to these proceedings to enforce settlement. He testified that he had discussed the $21,500 settlement offer with his then partner who was adamant that it was more than fair. His then partner instructed prior counsel that the case was to be settled for that amount, that he was not going to waste any more money of the firm on the case, and that if prior counsel did not settle for that amount he was to leave the law firm. Prior counsel then telephoned counsel for Erie and settled the case for $21,500. Prior counsel then telephoned Mr. Shelhammer who said that the settlement was not acceptable. Prior counsel testified that he had received the letters that I previously described and never responded. He also concealed from Mr. Shelhammer the fact that he had accepted the settlement offer and that the underinsured claim was not moving forward to arbitration. He testified that he never advised anyone at Erie or counsel for Erie that the $21,500 offer was not acceptable to Mr. Shelhammer or that he had been discharged by Mr. Shelhammer.

The legal issue raised by these facts is whether a court will enforce a settlement entered into by an attorney who acted without first obtaining the consent of his client.[3]

Under settled principles of agency law, promises made by an agent with apparent authority are binding on

---

3. For good reason, Erie has not claimed that Mr. Shelhammer's prior counsel had implied authority to settle the case. Under Rule 1.2(a) of the Rules of Professional Conduct a lawyer "shall abide by a client's decision whether to accept an offer of settlement of a matter."

the principle. However, this principle of agency law is not applicable to attorneys who enter into settlements without a client's consent. The Pennsylvania appellate courts have consistently ruled that an attorney cannot bind his or her client unless the attorney has express authority to accept an offer of settlement.

Earlier cases that have recognized this principle include: *Gray v. Howell,* 205 Pa. 211, 213, 54 A. 774, 775 (1903) ("The implied authority of an attorney at law in this state is very broad as to those things which arise in the regular course of litigation and pertain to the conduct of an action, but he is without authority to compromise an action or to accept land instead of money in satisfaction of a judgment."); *McLaughlin v. Monaghan,* 290 Pa. 74, 78, 138 A. 79, 80 (1927) ("An attorney as such cannot release a client's cause of action or surrender his substantial rights in whole or in part or compromise or settle his client's litigation without special authority so to do.") (citations omitted); *Quest's Estate,* 324 Pa. 230, 234, 188 A. 137, 138 (1936) ("We have held repeatedly that an attorney cannot, without more, compromise a client's claim. There must be proof of authority beyond that implied by the relationship if the client is to be bound by the acts of his attorney not within the scope of his ordinary duties.").

In *Lodowski v. O'Malley,* 227 Pa. Super. 568, 307 A.2d 439 (1973), counsel for the plaintiff in an automobile accident accepted a settlement offer without the client's authority. The trial court entered an order directing that the settlement be enforced. The Superior Court reversed on the basis of the case law holding that:

"The general rule of law is that the ordinary employment of an attorney to represent a client with respect

to litigation does not of itself give the attorney the implied or apparent authority to bind the client with settlement or compromise, and that in the absence of express authority he cannot do so. 7 C.J.S. Attorney and Client §105; *Starling v. West Erie Avenue B. & L. Association,* 333 Pa. 124, 3 A.2d 387 (1939); *Quest's Estate,* 324 Pa. 230, 188 A. 137 (1936); *McLaughlin v. Monaghan,* 290 Pa. 74, 138 A. 79 (1927)." *Lodowski v. O'Malley, supra* at 570-71, 307 A.2d at 440.

In *L & A Creative Art Studio Inc. v. Redevelopment Authority of the City of Philadelphia,* 35 Pa. Commw. 271, 385 A.2d 1045 (1978), the trial court refused to enforce a settlement agreement providing for a condemnation award of $115,000 signed by counsel for the real estate department of the Redevelopment Authority because the court determined that counsel had no actual authority to bind the real estate department. On appeal, the Commonwealth Court affirmed. In response to the property owner's argument that the Redevelopment Authority was bound by the signature of its counsel under the theory of apparent authority, the court said:

"Again, we disagree. Generally, 'the ordinary employment of an attorney to represent a client with respect to litigation does not of itself give the attorney the implied or apparent authority to bind the client with settlement or compromise [and] . . . in the absence of express authority, he cannot do so.' *School District of Philadelphia v. Framlau Corporation,* 15 Pa. Commw. 621, 628-29, 328 A.2d 866, 870 (1974)." *L & A Creative Art Studio, supra* at 274, 385 A.2d at 1047.

In *Garnet v. D'Alonzo,* 55 Pa. Commw. 263, 422 A.2d 1241 (1980), counsel for plaintiffs in a medical malpractice action advised the court that his clients would settle the case for the $35,000. After consulting

with defendants' counsel, the judge advised plaintiffs' counsel that the case was settled. Subsequently, plaintiffs refused to execute the required release on the ground that they had not consented to the settlement. The evidence established that plaintiffs' counsel never had express authority from his clients to bind them to the settlement. Consequently, the Commonwealth Court upheld an order refusing to enforce the settlement. It cited the case law holding that:

"The general rule of law is that the ordinary employment of an attorney to represent a client with respect to litigation does not of itself give the attorney the implied or apparent authority to bind the client with settlement or compromise and that, in the absence of express authority, he cannot do so. *Starling v. West Erie Avenue Building & Loan Association,* 333 Pa. 124, 3 A.2d 387 (1939); *Lodowski v. O'Malley,* 227 Pa. Super. 568, 307 A.2d 439 (1973); *School District of Philadelphia v. Framlau Corporation,* 15 Pa. Commw. 621, 328 A.2d 866 (1974)." *Garnet. v. D'Alonzo, supra* at 265-66, 422 A.2d at 1242.

Erie contends that the Pennsylvania appellate courts no longer follow the well-established line of case law which I have cited. In support of this position, it cites *Rothman v. Fillette,* 503 Pa. 259, 469 A.2d 543 (1983) and *Manzitti v. Amsler,* 379 Pa. Super 454, 550 A.2d 537 (1988), *aff'd,* 524 Pa. 587, 574 A.2d 601 (1990) (per curiam). These cases do not support Erie's contention.

In *Rothman v. Fillette,* counsel representing the plaintiff in an automobile accident, without the client's consent, agreed to settle the case for $7,000, forged his client's name on the release and the settlement check, and stole the proceeds paid by the insurance company for the defendant. Five years later, plaintiff filed a pe-

tition seeking to remove the order marking the case settled, discontinued, and ended. The Pennsylvania Supreme Court held that this petition should be dismissed on the basis of the case law holding that when one of two innocent persons must suffer, the loss should be borne by the person who put the wrongdoer in a position of trust and confidence and thus enabled the wrongdoer to perpetuate the wrong. It is clear from the court's opinion that the case law holding that an attorney must have express authority to bind a client was not relevant to the issue of where the allocation of loss should fall in the fact situation which this case presented. Before discussing this issue, the court said:

"At the outset, it must be understood that under the facts of this case there is no question of an implied or an apparent agency. The law in this jurisdiction is quite clear that an attorney must have express authority to settle a cause of action of the client. *International Organization Masters, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots of America Inc.,* 456 Pa. 436, 318 A.2d 918 (1974); *Archbishop v. Karlak,* 450 Pa. 535, 299 A.2d 294 (1973); *McLaughlin v. Monaghan,* 290 Pa. 74, 138 A. 79 (1927); *Lipschutz v. Lipshutz,* 124 Pa. Super. 380, 188 A. 556 (1936)." *Rothman v. Fillette, supra* at 264, 469 A.2d at 545.

In *Manzitti v. Amsler, supra,* the plaintiff-husband filed a medical malpractice action and the plaintiff-wife filed a claim for loss of her husband's consortium. The plaintiffs' counsel agreed to settle the claims of both plaintiffs for $150,000. Subsequently, the plaintiffs refused to accept the settlement and sign the releases.

The trial court found that the husband had given an express authorization to settle the entire case for $150,000. The trial court refused to hear evidence on

whether counsel had acquired express authority from the wife to settle the case because the settlement of the husband's claim extinguished the right of the wife to proceed any further with her cause of action.

For purposes of the appeal, the Superior Court assumed that the wife had not authorized settlement of her loss of consortium claim. The Superior Court reversed the trial court on the issue of whether the husband's settlement extinguished the wife's right to proceed with her cause of action; the court held that absent authorization by the noninjured spouse to settle the consortium claim, settlement of the injured spouse's claim does not bar subsequent prosecution of the loss of consortium claim by the noninjured spouse.

The court then addressed the issue of whether the trial court erred by enforcing the settlement agreement where the attorney settled the case without the wife's consent. The court concluded that the *Rothman* case controlled this situation. On the basis of the principle that where one of two innocent persons must suffer because of the fraud of a third, the court held that the trial court did not err by enforcing the settlement agreement.

Since the majority opinion never questioned the validity of the case law holding that an attorney must have express authority to settle a cause of action, the court's opinion did not overrule the case law holding that a settlement will not be enforced if counsel lacked express authority to settle the matter from any party on whose behalf he or she was purportedly acting. The court apparently extended the *Rothman* holding to the fact situation of this case because there would otherwise be no way to hold the plaintiff-husband accountable for his agreement to settle the case. If the court had reached the opposite result, it would have been allowing

a party who expressly authorized the settlement that covered claims of both the husband and the wife to avoid the consequences of his actions.

In summary, since the evidence in the present case establishes that plaintiff's counsel did not have express authority from the only client whom he was representing to settle his client's claim, the well-established appellate court case law of Pennsylvania holding that an attorney has no authority to settle a lawsuit without the express consent of his or her client governs this case. Consequently, I enter the following order of court:

### ORDER

On August 31, 1995, it is hereby ordered that the petition of Erie Insurance Company to enforce settlement is denied.