## Croskey *v.* Stockley et al., Appellants.

*Real estate—Sales—Agreement of sale—Agreement to convey free and clear of encumbrances—Failure—Right to demand return of money paid on account.*

In a bill in equity to compel an accounting and return of money paid on the sale of real estate, it appeared that the defendant had agreed, as attorney, to sell a certain property free and clear of all encumbrances, except one mortgage; it also appeared that the sum of $2,000 had been paid on account, which it was agreed would be returned if the vendors were not in a position to make settlement. It was admitted in the pleadings that the property was subject to other liens than the mortgage mentioned in the agreement of sale.

*Held*, that the liens being in excess of the entire balance of purchase money, it was the right of the plaintiff to rescind the contract and demand return of the advance payments.

Argued December 10, 1924. Appeal, No. 302, Oct. T., 1924, by defendants, from judgment of C. P. No. 4, Phila. Co., June T., 1923, No. 2370, in the case of Kate C. Croskey v. Kendall B. Stockley, Michael J. O'Meara and Elizabeth V. O'Meara. Before PORTER, HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity for an accounting and return of money paid on account. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

The court entered a decree requiring that the defend-

ants should pay over to the plaintiff the sum of $2,000. Defendants appealed.

*Error assigned* was, among others, the decree of the court.

*Frank M. Cody,* for appellants.

*George J. Edwards, Jr.,* and with him *Ralph S. Croskey,* for appellee.

OPINION BY PORTER, J., July 9, 1925:

The appellant, as attorney for the other defendants, on March 2, 1923, entered into a written agreement with the plaintiff for the sale to the latter of a residence in the city of Philadelphia, for the consideration of $27,000. Five hundred dollars of the purchase money was paid upon the execution of the agreement; the sum of $1,500 was to be paid on March 9, 1923, and the balance at time of settlement. The agreement contained a covenant that a first mortgage of $15,000, then a lien upon the property, should remain, leaving a balance of $10,000 to be paid in cash at the settlement. The plaintiff made the second payment of $1,500 as by the agreement required. When the parties met to make settlement the plaintiff declined to make the payment of $10,000 in cash and accept the conveyance tendered, upon the ground, among other things, that the existing liens upon the property exceeded by several hundred dollars the balance of the purchase money. The written agreement required that the property should be conveyed free and clear of all easements and encumbrances, except existing building restrictions and the first mortgage of $15,000. The plaintiff demanded that the appellant return to her the $2,000 which she had paid on account of the agreement, with which demand the appellant refused to comply. The plaintiff subsequently instituted this proceeding to recover the moneys which she had paid. The court below

entered a decree in her favor, and the defendant, Stockley, appeals.

The bill averred that the sale had been negotiated by Smith, a licensed real estate broker, as the agent for the defendants, to whom had been made the first payment of $500, which he had paid over to Stockley; that when the said agent demanded the second payment of $1,500, plaintiff informed him that she had been advised by counsel and believed, that the agreement of sale was not binding upon the owners of the property and she demanded that a valid agreement be entered into, with the signatures of the vendors; and, further, that she had been informed that the property was encumbered to an extent in excess of the balance of the purchase money, and that it was then agreed that upon her payment of the said sum of $1,500, that money and the $500 which she had already paid, making $2,000, should be held by Stockley in trust, as follows: "In case the prospective vendors under said writing should be in a position to settle at the time specified, then the same was to be applied on account of the purchase price in accordance with the terms of the writing, but if the prospective vendors were not in a position to settle at the time specified, then the said $2,000 should be returned to the plaintiff"; and that upon these terms she had made the payment. It was further averred that Stockley agreed to these conditions. Stockley in his answer denied having entered into any agreement to hold the fund in trust. The bill averred and the answer admitted that Stockley was not at any time, prior or subsequent to the execution of the agreement, authorized by the owners of the property to enter into any agreement for the sale of the same. The bill further averred and the answer admitted that when the parties met for settlement there were of record liens against the property, in addition to the first mortgage of $15,000, which amounted to $10,618.70. With the state of facts admitted by the answer, it was certainly not unreasonable of the plaintiff to demand that the advance

payments should be held by Stockley to await the out-
come of the settlement and to be returned to plaintiff if
the vendors were not in position to settle. The agree-
ment, if made, was binding upon all the parties and gave
rise to a trust relation. There was a conflict of evidence
as to whether the agreement had been made. The learned
judge who heard the case found as a fact, upon sufficient
evidence, that it had been made and we would not be
warranted in holding the finding to be erroneous.

The written agreement for the sale entered into by
Stockley, as attorney, was not binding upon his clients,
and, therefore, invalid, for the reason that he was with-
out written authority to make it: Dodds v. Dodds, 9 Pa.
315; Gray v. Howell, 205 Pa. 211. The parties did, how-
ever, meet on the day for final settlement, at the trust
company agreed upon, and a deed was tendered by Stock-
ley to the plaintiff, who declined to accept it and pay the
balance of the purchase money, for the reason, among
others, that the liens of record against the property ex-
ceeded the balance of purchase money due. The fact that
the liens exceeded the balance of purchase money was
established by the pleadings. Had the plaintiff paid the
entire balance of purchase money into the trust com-
pany, it would have been insufficient to discharge the
liens. The defendants made no offer to furnish funds
sufficient to make up the deficiency, nor to then discharge
the liens in any other manner. The plaintiff under the
covenant of the agreement had the right to have the
property conveyed to her clear of all encumbrances, ex-
cept the first mortgage of $15,000 and she was entitled to
the benefits of her covenant: Patterson v. Freihofer, 215
Pa. 47. It was not enough for the vendors to say that
some of the encumbrances had been paid: Srolovitz v.
Margulis, 35 Pa. Superior Ct. 252; nor is it sufficient
that the vendors intended to remove the liens subse-
quently: Ford v. Hedley, 62 Pa. Superior Ct. 380. The
liens being in excess of the entire balance of purchase
money, it was the right of the plaintiff to rescind the con-

tract and demand return of the advance payments. While there are eighty assignments of error in this case, those which we have dealt with are controlling and they must all be overruled.

The decree is affirmed at the cost of appellant.