## Schelly *v.* Gribbin et al., Appellants.

Argued April 17, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Edward J. I. Gannon*, with him *Hazlett, Gannon & Walter*, for appellants.

*Zeno Fritz*, for appellee.

OPINION BY DITHRICH, J., July 17, 1947:

The jury in this action of assumpsit for the recovery of hand money paid defendants in a real estate transaction found for plaintiff. From the refusal of their motions for judgment n. o. v. and for a new trial, defendants have brought this appeal.

Defendants, who are real estate brokers, advertised a residence property on Walnut Street, Pittsburgh, for sale. In answer to the advertisement, plaintiff called at defendants' place of business and made an offer of $5,000 for the property. Upon the payment of $200 hand money, the offer was accepted tentatively. About two weeks later plaintiff was informed that his offer was accepted. A written agreement was then entered into between Charles P. Walter, party of the first part, and plaintiff, party of the second part. Plaintiff testified that he signed the agreement in blank, but, whether he did or not, is not material to the issue. It is an admitted fact, however, that he was never furnished with a copy of the agreement. The agreement recited that the hand money was ". . . to be left in trust with Gribbin Company until the delivery of deed, or refunded if the title to the said property is not clear or cannot be made clear." The agreement was never consummated. The property later was sold to a third party without the knowledge or consent of plaintiff, who first learned of the

sale when "someone else moved into the house." He then brought this action.

Appellants have filed eight assignments of error which, however, raise but four questions, which may be appropriately stated as follows: (1) Was there a material variance between the allegata and the probata? (2) Could defendants as agents be held personally liable? (3) Did the court err in its rulings on the admission of evidence? (4) Did the court err in its charge?

As to the variance, there was no objection raised to it at the trial and, in the absence of objection, it will be deemed to have been waived, especially where, as here, the variance is immaterial. *Lederman v. Lazarus*, 80 Pa. Superior Ct. 602.

Paragraph 6 of the statement of claim averred that "At no time . . . did the defendants or any of them, . . . disclose or reveal to the plaintiff the owner or owners of the said property." Defendants in their answer denied the allegation of paragraph 6 of the statement of claim and averred "that the facts are as set forth in the new matter . . ." Nowhere in the new matter does it appear that defendants disclosed or revealed to the plaintiff the owner of the property. A copy of the agreement heretofore referred to was attached to the answer and new matter. Charles P. Walter, who executed the agreement, was not the real owner of the property. He is a member of the law firm representing defendants in this case. The firm also represents the McGraw Estate which held a mortgage on the property. A deed from Helen P. Contis and Peter A. Contis, her husband, the real owners, to Charles P. Walter, while dated February 20, 1945, the same date that appears on the receipt given plaintiff for the hand money paid by him, was not acknowledged until March 21, 1945, and recorded on March 27, 1945. As heretofore stated, plaintiff was never furnished with a copy of the written agreement. From the pleadings and the evidence it clearly appears that defendants did not reveal or disclose to plaintiff the

owner or owners of the property and, since they were acting as agents for an undisclosed principal, it is an elemental principle of agency that they may be held personally liable. *Reading Co. v. Sobelman,* 144 Pa. Superior Ct. 270, 277, 19 A. 2d 754; Restatement, Agency, sections 321-322. "This is true even though the other contracting party is aware that the broker is an agent only": *Penna. Co., etc., et al. v. Clark et al.,* 340 Pa. 433, 448, 18 A. 2d 807.

The disputed facts which gave rise to this controversy were whether plaintiff defaulted in his agreement to pay the balance of the purchase price agreed upon, or, whether defendants defaulted in failing to provide a good and marketable title, free and clear of all encumbrances. As part of his case plaintiff offered in evidence the deed heretofore referred to and a mortgage on the property dated May 10, 1919, in the amount of $6,900. The mortgage was offered for the purpose of showing that it was in an amount greater than the offer which defendants had accepted from plaintiff, and that it was not satisfied until September 5, 1945. We find no error in the admission of this evidence. "The liens [mortgage] being in excess of the entire balance of purchase money, it was the right of the plaintiff to rescind the contract and demand return of the advance payments": *Croskey v. Stockley et al.,* 85 Pa. Superior Ct. 498, 501, 502. Here plaintiff did not rescind the contract but he was entitled to show that defendants could not carry out their contract with him not only because the property had been conveyed to a third party, but because it could not be conveyed to him clear of all encumbrances.

While only a general exception to the charge was noted to each side, defendants have assigned as error not only the entire charge, which assignment cannot be considered (*Rodovinsky v. Roxford Knitting Co.,* 5 Pa. Superior Ct. 636), but certain portions of the charge. The charge as a whole was free of any fundamental error

and had defendants desired more specific instruction on the parts now complained of, they should have asked for such instruction when they were given an opportunity to do so. Upon a careful review of the entire record we find that there was no reversible error in the admission of evidence or in the charge.

Judgment affirmed.