Cheryl D. GROOVER, as administratrix
of the Estate of Thomas Eugene Groo-
ver, Deceased, et al., Plaintiffs,

v.

The MAGNAVOX COMPANY, Defendant,

v.

William T. MECHLING et al.,
Third-Party Defendants.

Civ. A. No. 75–247.

United States District Court,
W. D. Pennsylvania.

July 21, 1976.

David E. Cohen, Uniontown, Pa., for plaintiffs.

Stein & Winters, Murovich, Reale & Fossee, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, District Judge.

Plaintiff in the above diversity action has sued defendant Magnavox Company under both Wrongful Death and Survival Act causes of action for the deaths of her husband and child in a fire allegedly caused by a defective or negligently designed and manufactured television set. Magnavox has filed a third-party complaint against the Mechlings, which alleged that these third-party defendants, who owned the property which the plaintiff and her decedents rented for their home, were liable to Magnavox for indemnity or contribution because of their breach of the implied warranty of habitability for the house in question and because of negligence. The Mechlings have now moved for summary judgment in their favor on the ground that the third party plaintiff has failed to state a claim against them and that there is no evidence in the record to show that they could be found liable as a matter of law.

The response of the third party plaintiff to the motion for summary judgment is inadequate. The third party plaintiff, Magnavox, argues that the motion is premature because discovery has not been completed and the pretrial narrative statements are not yet due. However, a motion for summary judgment may be made at any time and the opposing party cannot rest on mere allegations of the pleadings or briefs but must come forth with evidence to show that there is a genuine issue of material fact to be tried. In the event that additional time to secure the evidentiary material by way of discovery or otherwise is required, the Rule provides for an allowance of time to secure these materials. Magnavox's repeated statements beginning "should not the jury decide as a fact question . . . etc." beg the point. The time to show that there is an issue of fact arises when the opposing party has called for this by a motion for summary judgment. When it does the opposing party has the duty of coming forth with such facts as would be admissible in evidence showing that there is a genuine issue of fact for trial.

With respect to certain of the issues raised by the motion and response we believe that there is sufficient material before the court that will enable us to consider the legal sufficiency of the claims. One cause of action asserted by the third party plaintiff is based upon an "implied warranty of habitability". This is a diversity case and the law of Pennsylvania applies. Pennsylvania does not recognize an implied warranty of habitability, except in the very limited situation of a contract by a builder-vendor for the construction of a new dwelling house. *Elderkin v. Gaster*, 447 Pa. 118, 288 A.2d 771 [1972]. The evidentiary material available to the court here establishes that the dwelling house in question was erected in 1952 by a builder other than the Mechlings, who owned it at the time of the fire, that the plaintiff leased it under an

oral agreement for $45 a month unfurnished and that they installed their own heating unit in the premises. These facts are not sufficient to bring the case within the *Elderkin* rule. *Commonwealth of Pennsylvania v. Monumental Properties, Inc.*, 459 Pa. 450, 329 A.2d 812 [1974], cited by Magnavox is not applicable. It holds that the Pennsylvania Unfair Trade Practices and Consumer Protection Law applied to leases of apartment dwellings and the case involved restraining the printing and use of lease forms that were unfair or deceptive.

■ In any event we see no right of indemnity or contribution accruing to Magnavox out of the contractual relation between plaintiff and the landlord because Magnavox is not within the class of parties intended to be protected or benefited by any such warranty. *Evans v. Otis Elevator Co.*, 403 Pa. 13, 168 A.2d 573 [1961] does not apply because there the plaintiff employee was an expected user of his employer's elevator which the defendant was under a contractual duty to maintain.

■ Magnavox's second cause of action against Mechlings is for contribution or indemnity arising out of Mechlings negligence. We see no possible indemnity claim here because we have no question of primary or secondary liability or no question of vicarious liability. As for a right of contribution, because plaintiff claims against Magnavox, both on the grounds of negligence and strict liability, Magnavox may seek contribution on the grounds of any negligence of Mechlings which substantially contributed to plaintiff's damage. *Fenton v. McCrory Corp.*, 47 F.R.D. 260 [W.D.Pa.1969], if it still reflects the law of Pennsylvania, is not applicable to this case because in *Fenton* the plaintiff claimed against the defendant solely on the ground of strict liability.

The liability, if any, of Mechlings for contribution must arise out of tort law governing the liability of a landlord to a tenant arising out of negligence. There must be proof of some direct omission by the lessor of the performance of a duty which he owed to the lessee in order to make the landlord liable. *Harris v. Lewistown Trust Co.*, 326 Pa. 145, 191 A. 34 [1937]. *Kolojeski v. John Deisher, Inc.*, 429 Pa. 191, 239 A.2d 329 [1968].

■ The essential remaining issue in this motion for summary judgment is whether the motion and its response, together with supporting evidentiary materials, show the existence of a genuine issue of material fact. The parties may no longer rely upon the mere allegations or denials of their pleadings or briefs, but must set forth specific facts showing that there is a genuine issue for trial. The parties in their briefs cite various portions of depositions upon file where witnesses testified whether or not plaintiff's house burned out of control rapidly. Magnavox in its brief recites the deposition of testimony of Mrs. Groover that Mechlings never made any repairs to the property. Even if we were to accept as established, without refutation or rebuttal, the truth of these assertions we cannot see how either of them establish any liability of the third party defendant. There is no evidence presented in the response of the third party plaintiff showing the existence of a genuine issue of material fact as to Mechlings' liability. Magnavox argues in its brief, without reference to any evidentiary basis, that a jury should be allowed to find a basis of liability. But Magnavox does not set forth the evidentiary basis which raises this issue of fact.

It is evident that Magnavox has failed to understand its function in responding to a motion for summary judgment. In reciting that the motion is premature, and that the pretrial narrative with its expert report has not yet been filed, Magnavox suggests that it may be able to come forth with the evidentiary basis for such assertions. We will, therefore, allow Magnavox twenty (20) additional days from the date of this Opinion and Order to respond to the motion for summary judgment further, showing by appropriate evidence the existence of a genuine issue of material fact as to the tort liability of Mechling. We believe the same requirement will apply whether Magnavox intends to rely upon a right of contribution

from an independent contributing negligence of Mechlings, or on the so called second accident or enhancement of damages theory.

With respect to the cause of action on a warranty of habitability the court will enter summary judgment dismissing this cause of action.