600 A.2d 610

Kevin H. BAESEL, Appellant,

v.

NEW BOULEVARD BAKING COMPANY, INC. and Market Construction Company, Inc. and Hill Creek Farms, Inc. and Northeast Foods, Inc. and Philadelphia Baking Company and Grant Avenue Associates and U.S. Roofing Corporation and N.M.I. Companies, Appellees.

Kevin H. BAESEL

v.

NEW BOULEVARD BAKING COMPANY, INC. and Market Construction Company, Inc. and Hill Creek Farms, Inc. and Northeast Foods, Inc. and Philadelphia Baking Company and Grant Avenue Associates and U.S. Roofing Corporation and N.M.I. Companies.

Appeal of HILL CREEK FARMS, INC.

Superior Court of Pennsylvania.

Argued July 16, 1991.

Filed Dec. 24, 1991.

Philip H. Rush, Philadelphia, for appellant (at 2622).

Bernard J. McLafferty, Philadelphia, for New Blvd. Baking, Market Constr., Northeast Foods & Philadelphia Baking, appellees.

Teresa F. Sachs, Philadelphia, for Hill Creek Farms, appellee.

Before POPOVICH, HUDOCK and MONTGOMERY, JJ.

MONTGOMERY, Judge.

These consolidated appeals arise from two orders of the trial court which granted motions for summary judgment. This action was instituted in the trial court by Kevin H. Baesel, seeking damages against six named defendants, for alleged negligence in permitting the roof structures of a building in which plaintiff was employed to remain in disrepair, so as to allow water to leak therefrom onto the floor of

the premises. Mr. Baesel asserted that he suffered injuries as a result of a fall purportedly caused by the collection of water on that floor.

Defendant Hill Creek Farms, Inc. (hereinafter "Hill Creek") moved for and was granted summary judgment, as to the claims of the plaintiff, and against all other parties, on the grounds that it was a landlord out of possession of the premises and could not be held liable for any failure to repair or maintain the leased premises, and that it did not create or otherwise cause the leak in question. Plaintiff Baesel has appealed from the order of the trial court which granted summary judgment to Hill Creek, and that appeal is docketed at No. 2622 Philadelphia, 1990.

The other appeal now before our court was filed by Hill Creek, from a trial court order which granted summary judgment to defendants New Boulevard Baking Company, Inc. (hereinafter "New Boulevard") and Philadelphia Baking Company. New Boulevard was the employer of the plaintiff and the lessee of the building at the time that the plaintiff allegedly sustained his injuries. Defendant Philadelphia Baking Company was alleged to be the parent of or otherwise in a close corporate relationship with New Boulevard. Hill Creek's appeal from the trial court order which granted summary judgment and dismissed claims against both New Boulevard and Philadelphia Baking Company is based upon the contention that such an order may have improperly adjudicated rights and obligations of Hill Creek, vis-a-vis New Boulevard and Philadelphia Baking Company. The appeal of Hill Creek is docketed at No. 474 Philadelphia, 1991.

Under Pa.R.Civ.P. 1035, summary judgment is available when the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits considered together, reveal no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Bobb v. Kraybill*, 354 Pa.Super. 361, 364, 511 A.2d 1379, 1380 (1986). To determine the absence of a genuine issue of material fact, the appellate court must

view the evidence in the light most favorable to the non-moving party, and any doubts must be resolved against the entry of the summary judgment. *Husak v. Berkel, Inc.,* 234 Pa.Super. 452, 341 A.2d 174 (1975). Summary judgment is appropriate only in those cases which are clear and free from doubt. *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833 (1983). In essence, when we review an order granting summary judgment, it is our function to determine whether there exists any genuine issue of triable fact. *Bowman v. Sears, Roebuck & Co.,* 245 Pa.Super. 530, 369 A.2d 754 (1976).

Mindful of these concepts, we first address the appeal filed by the plaintiff from the order which granted summary judgment against Hill Creek. Although the plaintiff raises a number of contentions, our concern is most significant about the assertion that the trial court erred in granting summary judgment to Hill Creek prior to the time that Hill Creek had responded to the plaintiff's discovery requests, including two sets of interrogatories and two sets of requests for production of documents.

Our review of such discovery requests shows that they sought, *inter alia,* responses concerning a variety of matters pertaining to the inspection, maintenance and repairing of the premises, the identity of persons responsible for same, the identity of those who may have observed any defects or improper conditions, the dates of each observation, examination or inspection, policies followed with regard to inspection, and other similar information. The plaintiff has asserted that he requested that the trial court not rule on the Hill Creek motion for summary judgment until the time that Hill Creek responded to the plaintiff's discovery requests. In support of his opposition to Hill Creek's motion for summary judgment, the plaintiff filed a reply, in the trial court, in which it was specifically noted that there was outstanding discovery which might establish that Hill Creek had actual authority and control over the area in which the plaintiff was injured at the time of such injuries and prior thereto. Further, in opposition to Hill

Creek's motion for summary judgment, it appears that the plaintiff submitted copies of the unanswered interrogatories and requests for production of documents. In its brief to our court, Hill Creek does not dispute the plaintiff's assertion that the trial court ruled on Hill Creek's motion for summary judgment prior to any response by Hill Creek to the plaintiff's aforementioned discovery requests. Rather, Hill Creek merely contends that its responses to such discovery requests would have been irrelevant in the trial court's disposition of Hill Creek's motion for summary judgment.

 Our review of the record convinces us that the plaintiff's discovery requests to Hill Creek sought information, in part, which would have been arguably germane to the issues presented by the Hill Creek motion for summary judgment. A landlord out of possession of premises may be held liable for harm caused to others as a result of the condition of the premises in certain limited circumstances. See *Henze v. Texaco, Inc.*, 352 Pa.Super. 538, 508 A.2d 1200 (1986). These include situations in which a lessor fails to make repairs after having been given notice of and a reasonable opportunity to correct a dangerous condition existing on the premises. *Id.* Thus, it is apparent that the trial court, in granting summary judgment prior to the time when the plaintiff was furnished with any responses to such discovery requests, could not be assured that there was no genuine issue of material fact, and that Hill Creek was entitled to judgment as a matter of law, as required by Pa.R.Civ.P. 1035(b).

In such circumstances, we are constrained to conclude that the trial court abused its discretion in ruling on the Hill Creek request for summary judgment prior to the time that Hill Creek filed responses to the plaintiff's discovery requests.[1] Therefore, we must vacate the trial court's order

1. The docket entries in the case indicate that there was an outstanding order of court granting a motion by the plaintiff to compel defendants to answer the plaintiff's discovery requests when the court granted

which granted Hill Creek's motion for summary judgment, and remand this case to the trial court for further proceedings.[2]

Turning to the appeal filed by Hill Creek, at number 474 Philadelphia, 1991, it is apparent that our court cannot address the issues raised, in light of our decision to vacate the trial court order which granted summary judgment in favor of Hill Creek. Hill Creek's appeal from the trial court order which granted summary judgment to New Boulevard and Philadelphia Baking Company rests upon contentions that the prior court order granting Hill Creek summary judgment foreclosed that court from entering any subsequent summary judgment in favor of New Boulevard and Philadelphia Baking Company which might affect the interests of Hill Creek. In such circumstances, we must rule that the appeal filed by Hill Creek at No. 474 Philadelphia, 1991 presents issues not ripe for appellate review. Accord-

---

Hill Creek's motion for summary judgment. However, it is not clear to whom that order was directed.

2. Even without the benefit of responses by Hill Creek to the plaintiff's discovery requests, a close question is raised as to whether the matters of record and discovery materials available to the trial court at the time of its prior disposition of the Hill Creek motion for summary judgment should have compelled the denial of that motion. Although it was a landlord out of possession at the time of plaintiff's injury, the lease provisions showed that Hill Creek retained an obligation to maintain and repair utility equipment at the leased structure. The plaintiff contended that the defect which caused water to leak into the building was related to and in an area of the roof where certain equipment existed which had been damaged by an earlier fire. The plaintiff took the position that such equipment, including cooling towers, exhaust and ventilation units and ducts, and other related equipment and structures, were under the control of Hill Creek, and part of its repair responsibilities under the utility equipment provisions of the lease between Hill Creek and New Boulevard, the plaintiff's employer. While there may be a question as to the ultimate merit of the plaintiff's position on that point, some doubt arises as to whether there is a sufficient absence of a genuine issue of material fact about it to justify the trial court's entry of summary judgment in favor of Hill Creek. However, inasmuch as the trial court has not, in our view, reviewed pertinent responses to plaintiff's discovery requests from Hill Creek, which may bear on these matters, it would be inappropriate for our court to attempt to address the substantive merits of the Hill Creek motion for summary judgment on what is clearly an incomplete record.

ingly, without prejudice to any effort by Hill Creek to address such contentions to the trial court, or to our court at some later stage of the proceedings in this case, at which it may be appropriate to do so, the appeal filed by Hill Creek must be dismissed.

With respect to Appeal No. 2622 Philadelphia, 1990, the order of the trial court granting summary judgment to Hill Creek Farms, Inc. is vacated and the record is remanded for further proceedings not inconsistent with this Opinion. Appeal No. 474 Philadelphia, 1991 is dismissed without prejudice. Jurisdiction is not retained.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

Unlike the Majority, my review of the record indicates that the court below was presented with sufficient information (absence of a genuine issue of material fact) to grant Hill Creek Farms, Inc.'s motion for summary judgment. Accordingly, for the reasons that follow, I respectfully dissent.

This case involves dual appeals (consolidated for disposition) taken from orders granting motions for summary judgment: The first is from the August 23, 1990, order entered against the plaintiff/appellant, Kevin Baesel; the second concerns the order dated December 31, 1990, issued against the defendant/appellant, Hill Creek Farm, Inc. In both instances, I would affirm.

In reviewing the grant of a motion for summary judgment, one looks to the following standard; to-wit:

> [A m]otion for summary judgment may be granted only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035(b). In passing on a motion for summary judgment, this Court will view the record in the light most favorable to the

nonmoving party. In doing so, we accept as true all well-pleaded facts in the appellants' pleadings and give appellants the benefit of all reasonable inferences drawn therefrom. Summary judgment is appropriate only in those cases which are free from doubt.

*Dublin v. Shuster*, 410 Pa.Super. 1, 5, 598 A.2d 1296, 1298 (1991). The record discloses that a two-count complaint was filed against six named defendants, one of whom was Hill Creek Farms, Inc., for negligence in allegedly permitting the roof of a building in which the plaintiff was employed to remain in disrepair so as to allow water to leak therefrom onto the floor of the premises.

It was the plaintiff's assertion that, while employed by New Boulevard Baking Co./lessee of the building, he sustained injury when he slipped and fell on a wet floor.

In the pleadings that followed, the appellant/Hill Creek Farms, Inc., the lessor of the property, claimed that it was insulated from liability as a "landlord out of possession." And, more importantly, New Boulevard was charged with entering into an Agreement of Lease in which, at Section 5, it obligated itself (as the lessee) "to make all necessary structural and non-structural repairs, ordinary and extraordinary, foreseen or unforeseen, interior and exterior." This was buttressed by way of affidavit given by Linda McNulty, the general manager of Hill Creek, who was familiar with lease agreements and all repairs or maintenance conducted by Hill Creek. Additionally, McNulty's affidavit averred that Hill Creek did not affect any repairs or maintenance on the premises leased to New Boulevard Baking Co. Nor did Hill Creek represent that it would effect any repairs to the property. Paragraph 10.

Lastly, of interest to me is the Memorandum of Law filed by the plaintiff's employer, New Boulevard Baking Co., in support of its own motion for summary judgment as a named co-defendant.

New Boulevard Baking Co. references Section 5 (captioned "Repairs & Maintenance") as obligating itself "to make all necessary structural and non-structural repairs,

ordinary and extraordinary, foreseen or unforeseen, interior and exterior."

Moreover, in seeking to exclude its parent company (Co-Defendant Northeast Foods, Inc.) from liability to the plaintiff, New Boulevard argued:

> The reason Northeast would have no factual liability as a matter of law is because ... Northeast's subsidiary *New Boulevard assumed all responsibilities for repairs and maintenance of the premises,* including structural and non-structural repairs, ordinary and extraordinary, foreseen or unforeseen, interior and exterior. See Section 5 of the Lease Agreement, Exhibit "F". [Emphasis added]

With the submission of the preceding Memorandum of Law, the pleadings came to a close. This was followed with an order and opinion granting Hill Creek's motion for summary judgment on the basis that:

> In the case at bar, Hill Creek was physically out of of possession of the bakery and never controlled or maintained it, during the eleven (11) years it was leased to Plaintiff's employer, New Boulevard Baking Co., Inc. Hill Creek specifically provided in the lease with Plaintiff's employer, New Boulevard, that the latter as the tenant would be responsible for making all repairs to the property. Hill Creek therefore was not only physically out of possession of the bakery, but additionally, granted its tenant complete control over the premises to effect interior and exterior repairs.

Lower Court Opinion at 2–3. A timely appeal followed in which the plaintiff challenged the grant of Hill Creek's motion for summary judgment. In like fashion, the plaintiff's employer's motion for summary judgment was timely appealed by Hill Creek.

The first issue to be addressed relates to the plaintiff's claim that Hill Creek was not a landlord completely "out of possession". Rather, the plaintiff argues there was evidence that Hill Creek retained possession and control over the defective portion of the premises (i.e., the roof on which rested equipment damaged in a fire linked to the leak)

through a combined reading of the "Utility Use Covenant", which explicitly reserved control of all the utility areas in Hill Creek, and Sections 7 and 5 of the lease, in which Hill Creek agreed to supply all utilities necessary for the tenant's use and "do all things necessary to cause such repairs and/or maintenance be accomplished...." See Plaintiff's Appellate Brief at 20.

Let us assume, for the sake of argument, that the "Utility Use Covenant" and "Agreement of Lease" encompass the equipment on the roof of the leased premises such that Hill Creek could have been subject to maintain and repair the equipment. Nonetheless:

> " 'It is ... settled law that an agreement to repair does not impose upon the owner a liability in tort at the suit of the tenant; and that occupation and control are not reserved to the owner by his agreement to repair.' "

*Kolojeski v. John Deisher, Inc.*, 429 Pa. 191, 239 A.2d 329, 330 (1968) (Citation omitted). Therefore, the mere fact that Hill Creek may have agreed to make repairs to the leased building if the lessee failed to do so does not subject it to liability. Id.

Subpart B of the plaintiff's first issue attempts to assign accountability to Hill Creek for the injuries incurred because it allegedly had notice of the condition (leaky roof), a *duty* to repair it and a reasonable opportunity to do so. This argument is undermined inasmuch as the "duty" made reference to by the plaintiff, to obligate supposedly Hill Creek to repair the roof, is voided by the fact that "[r]eservation by a lessor of the right to enter upon the leased premises ... implies no reservation of control over the premises which will render him chargeable with their maintenance and repair." *Henze v. Texaco, Inc.*, 352 Pa.Super. 538, 508 A.2d 1200, 1202 (1986). Since Hill Creek cannot be "charged" with maintenance of the demised premises, the underlying rationale ("obligation"/duty) to do so is obviated. *Id.*

In Subpart C of the plaintiff's first issue, he attempts to assign liability to Hill Creek as a landlord out of possession

on the ground that the condition of the premises constituted a nuisance per se, i.e., because the roof allegedly leaked for over two years this gave rise to a duty on the part of Hill Creek to abate the nuisance by making the necessary repairs.

The plaintiff acknowledges that six exceptions exist to hold an out of possession landlord responsible for injuries suffered by an individual on leased premises; they are:

> A landlord out of possession may incur liability (1) if he has reserved control over a defective portion of the demised premises ...; (2) if the demised premises are so dangerously constructed that the premises are a nuisance per se ...; (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee ...; (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee ...; (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs ...; or (6) if the lessor fails to make repairs after being given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises...."

*Henze,* supra, 352 Pa.Super. at 541–42, 508 A.2d at 1202 (Citations omitted).

As conceded by the plaintiff, none of the preceding exceptions is applicable to the case at bar. His importuning that "the exception[s] should ... extend to situations where the landlord has actual knowledge of a dangerous condition, and knowledge that the tenant is not making an effort to cure it, thereby endangering third parties" is unpersuasive. The recourse in such a situation is against the lessee not the "out of possession" landlord. No case law has been cited to us by the plaintiff to convince us otherwise.

In the last of the plaintiff's contentions, he writes:

> THE TRIAL COURT ERRED BY RULING ON HILL CREEK'S MOTION FOR SUMMARY JUDGMENT, DE-

SPITE PLAINTIFF'S REQUEST THAT THE COURT FORBEAR PENDING RECEIPT OF HILL CREEK'S ANSWERS TO INTERROGATORIES AND REQUESTS FOR DOCUMENTS

I disagree.

From my review of the record certified to this Court, as concerns the discovery process in this suit, plaintiff has directed approximately 1,380 interrogatories (including subparts) and two Requests for Production of Documents to Moving Defendants, all of which have been responded to by the parties. Therefore, the plaintiff cannot claim that he has not had sufficient opportunity to obtain information to present the best possible case to buttress his complaint. See also Memorandum of Law of New Boulevard Baking Co. (plaintiff's employer) in support of its Motion For Summary Judgment at 8, n. 1.

Having reviewed the record against the backdrop of the applicable law, I find no merit to any of the plaintiff's claims. Similarly, I hold that Hill Creek's assault of the lower court's entry of a motion for summary judgment in favor of the plaintiff's employer (Boulevard Baking Co.) is moot given the fact that Hill Creek, having had its motion for summary judgment granted and affirmed on appeal, is not aggrieved by the dismissal of Boulevard Baking Co. from the lawsuit by means of the grant of its motion for summary judgment. Since it would no longer be a party to the suit upon the grant of its motion for summary judgment, it should not be heard to complain that the award of the same motion to the co-defendant/Boulevard Baking Co. is appealable.