**Oberecker v. Traud**

C.P. of Lehigh County, no. 94-E-115.

*John R. Bonner,* for plaintiffs.
*Jeffrey B. McCarron,* for defendant.

WALLITSCH, *J.,* February 15, 1996—Plaintiffs have filed a legal malpractice action against Attorney Thomas

Traud, alleging that Traud was negligent in failing to advise plaintiffs of the appropriate statute of limitations in a potential legal malpractice case against another attorney. Plaintiffs assert that their claim against that attorney is time barred due to Traud's inaction and therefore he should be liable for damages. Defendant has filed a motion for summary judgment, asserting that no attorney-client relationship existed with respect to the potential malpractice case and that judgment should be entered as a matter of law.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The moving party has the burden of showing that there is no genuine issue of material fact. *Allen v. Merriweather,* 413 Pa. Super. 410, 411, 605 A.2d 424, 425 (1992); *Baesel v. New Boulevard Baking Co. Inc.,* 410 Pa. Super. 591, 593, 600 A.2d 610, 611 (1991). In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). In deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party and any doubts are to be resolved against entry of summary judgment. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992); *Allen, supra; Baesel, supra* at 594, 600 A.2d at 612.

The elements for a cause of action for legal malpractice are: (1) the employment of the attorney or other basis for duty, (2) the failure of the attorney to exercise ordinary skill and care, and (3) that such neg-

ligence was the proximate cause of damage to the plaintiff. *Rogers v. Williams,* 420 Pa. Super. 396, 616 A.2d 1031 (1992), citing *Ibn-Sadiika v. Riester,* 380 Pa. Super. 397, 403, 551 A.2d 1112, 1115 (1988).

On July 20, 1990, plaintiffs sold their home by special warranty deed and provided financing to the purchasers, which was evidenced by a judgment note executed by the buyers. The note allowed the buyers to make interest payments during the first year, with the entire principal due one year later. Plaintiffs allege that the buyers' attorney, William Houser, told them at settlement that they did not need their own attorney and, at the conclusion of the meeting, instructed them to keep the note in a "safe place." In July of 1991, the buyers defaulted on the note and thereafter plaintiffs discovered that the buyers had sold the property to his parents, who had mortgaged the property. Plaintiffs sought legal advice from Attorney Traud on July 25, 1991, who advised them at that time that the note should have been recorded. Traud immediately recorded the judgment note, filed a lis pendens to prevent transfer of the premises, and negotiated a new agreement with the buyers, whereby plaintiffs would be paid $20,000 from the sale of the property and receive a new note for the balance of $67,000 to be paid in monthly installments. Plaintiffs received the $20,000, but the buyers again defaulted on the judgment note and subsequently entered bankruptcy.

Plaintiffs in this matter admit that they went to Attorney Traud to seek recovery of their money from the buyers and did not wish to file any lawsuits against anybody except the buyers. According to plaintiffs, Traud informed them early on in the representation of the possibility of pressing a claim against Attorney Houser, but he did not agree to do so, nor did the

plaintiffs expect him to file suit. Traud billed plaintiffs for his services in May of 1992, and plaintiffs did not expect that defendant would provide them with any further services. (Deposition Bette Oberecker 104.) Plaintiff Bette Oberecker testified at deposition that Attorney Traud advised them that they could "always" sue Houser. (Deposition Bette Oberecker 135.) Plaintiffs spoke with at least two attorneys in Williamsport, Pennsylvania, concerning a malpractice case against Houser in the spring of 1993, but neither attorney would take their case. Plaintiffs did not expect that Traud would represent them because he and Houser were both from Lehigh County.

The issue before this court is whether Traud had a duty to inform plaintiffs of the applicable statute of limitations with regard to a potential suit against Attorney Houser.

"Under the law of Pennsylvania, it is the duty of one asserting a cause of action against another to use all reasonable diligence to inform himself . . . of the facts and circumstances upon which the right of recovery is based and to institute the suit within the prescribed statutory period." *Trice v. Mozenter,* 356 Pa. Super. 510, 516, 515 A.2d 10, 13 (1986).

However, the "equitable discovery rule provides that the statute of limitations does not begin to run until the injured party is aware or reasonabl[e] should be aware of his injury and its cause." *Garcia v. Community Legal Services Corp.,* 362 Pa. Super. 484, 495, 524 A.2d 980, 985 (1987). Thus, while the breach of a duty in the underlying case would have occurred at the time of their settlement, plaintiffs were not aware of the injury until July 1991, when the buyer defaulted on the note and Attorney Traud informed them that the note should have been recorded.

Thus, the statute of limitations was tolled until July of 1991, and the applicable limitations period for a claim of legal malpractice based upon negligence is two years. 42 Pa.C.S. §5524(7). According to the deposition testimony of the Obereckers, the representation by Traud ceased in May 1992, and thereafter plaintiffs consulted with several attorneys. In responses to interrogatories, plaintiffs admitted that they met with two attorneys in April of 1993, specifically concerning a potential lawsuit against Attorney Houser. Plaintiffs believed that one of these attorneys was going to represent them, but he later declined citing the expense and travel involved in travelling from Williamsport to Allentown. (Deposition Bette Oberecker 113.)

In this case, although Attorney Traud advised plaintiffs that they could sue Houser, he did not undertake to represent them in that matter. Plaintiffs hired Traud to pursue the buyers of their property, and they do not allege that his representation of them in that matter was negligent. Plaintiffs also do not dispute that Traud's legal representation of them in that matter was concluded in May 1992. Therefore, no attorney-client relationship existed between the Obereckers and Traud with respect to the potential action against Houser, and it is clear that Traud had no duty to commence such a lawsuit.

Plaintiffs had an obligation to inform themselves of the facts and circumstances of their claim and institute suit within the applicable time. Plaintiffs did not expect that Attorney Traud would take any steps to protect their interests with respect to a potential lawsuit after May of 1992. In fact, plaintiffs consulted with at least two attorneys after that time and prior to the running of the statute of limitations, but neither attorney agreed to undertake the representation.

We cannot find, given the undisputed facts of this case, that an attorney-client relationship existed between these parties with respect to a potential malpractice claim. Plaintiffs were aware they would need to obtain new counsel if they wished to pursue such litigation and, in fact, they did seek other counsel.

For the foregoing reasons, we must grant defendant's motion for summary judgment and dismiss plaintiffs' action. As defendant's counterclaim remains outstanding, we will keep this matter scheduled for the week of March 4, 1996.

## ORDER

And now, February 15, 1996, upon consideration of the defendant's motion for summary judgment, the response thereto, the written briefs and the argument of counsel, and for the reasons expressed in the accompanying memorandum opinion, it is hereby ordered that defendant's summary judgment motion is granted and plaintiffs' complaint is dismissed with prejudice.