## Bielski v. Brabender

C.P. of Allegheny County, no GD99-14875.

*Barbara Shah,* for appellant.
*W. David Slomski,* for appellee.

BALDWIN, *J.,* January 23, 2001—The plaintiff, Kathleen Bielski (appellant), appeals from the orders of this court dated November 27, 2000, which granted the motion in limine and motion for summary judgment filed by the defendant, Richard Brabender (appellee). The appellant's statement of matters complained of on appeal states that: the trial court committed an error of law and/or an abuse of discretion in one or more of the following particulars: (1) in disqualifying the appellant's expert, Theresa Barrett Male, Esquire, from testifying at the trial; (2) in refusing to allow the appellant to put on a case in chief, after [sic] Barrett Male had been disqualified; and (3) in granting the appellee's motion for summary judgment. For the reasons that follow, we find

that the arguments raised by the appellant lack any merit whatsoever and that this court neither committed an error of law, nor abused its discretion under the circumstances in this case.

The appellant argues that the court erred or abused its discretion as a matter of law in disqualifying her expert witness, Theresa Barrett Male, Esquire, from testifying at trial. We disagree.

The standard by which a witness qualifies as an expert witness is a liberal one. *Joyce v. Boulevard Physical Therapy & Rehabilitation Center P.C.*, 694 A.2d 648, 654-55 (Pa. Super. 1997); *Flanagan v. Labe,* 446 Pa. Super. 107, 111, 666 A.2d 333, 335 (1995). In general, Pennsylvania law mandates that for a person to qualify as an "expert witness," the witness must possess the requisite skill, training, education or other reasonable pretension to specialized knowledge on the subject under investigation. *Lira v. Albert Einstein Medical Center,* 384 Pa. Super. 503, 509, 559 A.2d 550, 552 (1989). A qualified expert witness may testify at trial as to a certain matter only when the nature of the proffered testimony is clearly beyond the realm of knowledge and understanding for a common layperson, so as to necessitate the expert's assistance of the *trier of fact* in its ultimate decision-making process. *Blum v. Merrell Dow Pharmaceuticals Inc.,* 705 A.2d 1314, 1315-17 (Pa. Super. 1997) (before scientifically adduced evidence may be admitted at trial it must satisfy the standards established in *Frye).*

Thus, it is well established under Pennsylvania law that before an expert can testify as to an opinion, it must be demonstrated that the purported scientific testimony meets the standards established in *Frye v. United States,*

293 F. 1013 (D.C. Cir. 1923) (opinions of experts are admissible in cases where the matter under inquiry is such that inexperienced persons are unlikely to form correct judgments upon it); *Commonwealth v. Topa,* 471 Pa. 223, 369 A.2d 1277 (1977) (the admissibility of scientific evidence depends on the general acceptance of its validity by those scientists active in the field to which the evidence belongs). At a minimum, for an alleged expert's testimony to be admitted at trial, the substance of the expert's opinion, as well as the methodology underlying the opinion must be generally accepted by the relevant scientific community. *Thomas v. West Bend Company Inc.,* 760 A.2d 1174 (Pa. Super. 2000) (whenever science enters the courtroom it is critical that those persons most qualified to assess the general validity of a scientific method will have a determinative voice). Moreover, the trial court enjoys broad discretion in deciding whether the evidence may be admitted or excluded. *Blum,* 705 A.2d at 1317-18 (absent a clear abuse of discretion, an appellate court may not disturb the decision of the trial court as the admission or exclusion of expert testimony); see also, *Commonwealth v. Zook,* 532 Pa. 79, 615 A.2d 1 (1992).

Instantly, the record of testimony adduced at the pre-trial evidentiary hearing on the appellee's motion in limine to exclude the testimony of Theresa B. Male, Esquire, fails to reveal sufficient facts that would enable this court, in the exercise of its sound discretion, to reasonably conclude that the witness in question qualifies as an "expert witness," under the liberal standards articulated by the Pennsylvania Supreme Court in *Topa, supra.* The trial court here decided that voir dire of the appellant's expert was required in the context of

this professional negligence claim instituted against a business valuations expert. (Pretrial transcript at p. 2.)

In her voir dire direct examination testimony, the witness, Theresa B. Male, Esquire, established her credentials as a licensed, and practicing family law attorney in Pennsylvania who has attended CLE courses dealing with some business valuation issues and has argued approximately a dozen cases involving business valuation, in the context of equitable distribution proceedings. (PTT at pp. 3-6.) Male, also, testified on direct examination that in each of those cases she retained an expert with either a tax or a forensic accounting background to provide skilled testimony to the court relevant to the subject of business valuations. (PTT at pp. 6-12.) Male further testified that she always relies on these types of experts for their understanding and expertise of the substance and methodologies pertaining to business valuations. (PTT at pp. 8-10.) This testimony, in our opinion, falls far short of establishing the necessary evidentiary foundation to qualify Male as an expert witness and to permit her to testify for the appellant on the subject of business valuations.

Although it appeared from the record of testimony adduced at this point that Male did not possess the necessary skill, training or educational background akin to experts in the area of business valuations, we could not rule out the alternative possibility that Male may possess the type of practical experience, that is, a reasonable pretension to specialized knowledge on the subject under investigation that would enable her to qualify as an expert.

The record of testimony adduced from Male on cross-examination by the appellee's counsel, however, un-

equivocally demonstrated that Male could not qualify as an expert in this case since she did not possess a reasonable pretension to specialized knowledge in the area of business valuations. In reaching this conclusion, we specifically cite to the witness' own admissions that she has never provided testimony as a qualified expert in business valuations in any court of law, nor has she ever been previously retained as an expert in this area. (PTT at p. 13.) We also point to the witness' candid testimony that she does not have an accounting background, that she has never valued a business for equitable distribution, that she does not know the applicable standard of care or the accepted methodologies relevant to business valuation professionals, and that she lacks the necessary knowledge and expertise to even perform a business valuation. (PTT at pp. 14-16.)

The appellant's witness further testified that in her experience as a family law attorney and her limited familiarity with the subject of business valuations, she always relies on experts who have been previously qualified by a court of law and who have established to the legal community that they indeed possess the requisite skill and experience as an "expert." (PTT at pp. 21-22.) Given these circumstances, we correctly determined that Male could not qualify as an expert witness in the area of business valuations and, therefore, she could not provide any opinion testimony to a reasonable degree of certainty that the appellee was negligent in the performance of the business valuation, which is the subject of this professional negligence lawsuit. Accordingly, the appellant's first argument must fail.

The appellant also contends that the trial court erred or abused its discretion as a matter of law in refusing to

allow her to put on a case in chief after her expert witness was disqualified. We again disagree.

To establish a prima facie case in a professional negligence case, the plaintiff must present qualified, expert testimony that proves by a preponderance of the evidence that the defendant had a recognized duty of care, breached that duty of care by deviating from the accepted standards for that profession, and that the breach of care directly caused the injuries sustained by the party seeking to recover damages. See *e.g., Joyce, supra,* 694 A.2d at 654-55 (plaintiff must introduce competent expert testimony to show a medical doctor's conduct varied from accepted medical practice).

In this case, the appellant has the burden of establishing that the appellee, a professional, had a recognized duty of care, that he breached that duty of care by deviating from the accepted standards for business valuators, and that the breach of care directly caused the injuries sustained by her for which she claims damages. Because the subject matter under investigation here is clearly beyond the realm of knowledge and understanding for a common layperson, a qualified expert witness in the field of business valuations is needed to assist the *trier of fact* in its decision-making process. Moreover, absent the necessary opinion testimony of a qualified business valuations expert, the appellant cannot establish a prima facie case for professional negligence against the appellee.

As stated previously, Theresa B. Male, Esquire, the appellant's purported expert, could not be qualified as an expert in the field of business valuations. As such, the appellant's witness could not testify as to any matters beyond the scope of her established expertise. Be-

cause the appellant was unable to produce a qualified expert witness to testify at the time of trial, and since she obviously failed to provide any competent expert testimony to show that the appellee's conduct varied from the accepted standard of care for business valuators, she could not meet her burden of proof, as a matter of law. Therefore, we properly concluded that the decision of the trial court to bar the appellant from presenting a case in chief was appropriate, reasonable, within its discretion and just under the circumstances. Furthermore, we concluded that no genuine issues of material fact existed with respect to any of the requisite elements of the appellant's claim for professional negligence and that the record was free and clear of any doubt that would have precluded us from entering summary judgment in favor of the appellee in this case. Consequently, the appellant's second argument must fail.

Finally, the appellant argues, incorrectly we believe, that the trial court erred or abused its discretion as a matter of law in granting the appellee's motion for summary judgment.

In ruling on a motion for summary judgment, as here, the trial court must view the record in the light most favorable to the non-moving party, and accept as true all well-pleaded facts and all reasonable inferences to be drawn therefrom. *First Philson Bank v. Hartford Fire Insurance Co.,* 727 A.2d 584, 587 (Pa. Super. 1999). All doubt as to the existence of genuine issues of material fact must be resolved in favor of the non-moving party, *Lititz Mutual Insurance Co. v. Steely,* 746 A.2d 607, 609 (Pa. Super. 1999), and summary judgment is only appropriate in cases that are free and clear from

doubt. *Baesel v. New Boulevard Baking Co.,* 410 Pa. Super. 591, 600 A.2d 610, 612 (1991).

In the case sub judice, the appellant was unable to produce a qualified expert to testify at the time of trial and, as a result, she failed to provide any competent expert testimony to show that the appellee's conduct varied from the accepted standard of care for business valuators. In short, the appellant could not meet her burden of proof as a matter of law. Further, based on the evidence of record, we found that no genuine issues of material fact existed with respect to any of the requisite elements of the appellant's claim for professional negligence in this case. Therefore, the trial court did not err or abuse its discretion as a matter of law in entering summary judgment in favor of the appellee in this case. Accordingly, the appellant's last argument must fail.

For all of the foregoing reasons, the orders of this court dated November 27, 2000 should be affirmed.